No. 23-15170

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

KEVIN ABBEY, et al.,
Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA
Defendant-Appellee.

On Appeal from the United States District Court
for the Northern District of California
No. 3:20-cv-06443-JD

BRIEF OF THE APPELLEE

BRIAN BOYNTON
Principal Deputy Assistant
Attorney General
Civil Division

AUGUST FLENTJE
Special Counsel
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

CAROLINE STANTON
HEIDY GONZALEZ
ROSEMARY YOGIAVEETIL
ALEX HAYWOOD
Trial Attorneys, Environmental Torts
1100 L St. NW
Washington, D.C. 20005
Email: caroline.w.stanton@usdoj.gov
Telephone: 202-307-0554

# TABLE OF CONTENTS

**Table of Contents** ................................................................................................ **ii**

**Table of Authorities** ............................................................................................ **iii**

**Statement of Jurisdiction** ..................................................................................... **1**

**Statement of the Issue** ......................................................................................... **1**

**Statement of the Case** .......................................................................................... **2**

    A.   Statutory Background .......................................................................... 2

    B.   Factual Background ............................................................................. 2

    C.   District Court Proceedings .................................................................. 5

**Summary of the Argument** .................................................................................... **7**

**Standard of Review** .............................................................................................. **8**

**Argument** ............................................................................................................. **9**

    I.    The District Court Correctly Held That the Misrepresentation Exception Has No Direct Reliance Requirement. ...............................................10

    II.   The District Court Correctly Held That CERCLA Does Not Suspend the Misrepresentation Exception. ..........................................................14

**Conclusion** ..........................................................................................................**16**

**Statement of Related Cases** ..................................................................................**18**

**Certificate of Service**...........................................................................................**19**

# TABLE OF AUTHORITIES

PAGE(S)

Cases

*Alexander v. United States*,
　787 F.2d 1349 (9th Cir. 1986) ........................................................10, 11, 12, 15

*Andrade v. United States*,
　845 F. App'x 594 (9th Cir. 2021) ...............................................................10, 11

*Block v. Neal*,
　460 U.S. 289 (1983) ................................................................................... 2

*Carter v. United States*,
　725 F. Supp. 2d 346 (E.D.N.Y. 2010)........................................................13

*DaVinci Aircraft, Inc. v. United States*,
　926 F.3d 1117 (9th Cir. 2019) ........................................................ 8

*Esquivel v. United States*,
　21 F.4th 565 (9th Cir. 2021) ............................................................... 2

*Estate of Trentadue v. United States*,
　397 F.3d 840 (10th Cir. 2005) ........................................................10

*F.D.I.C. v. Meyer*,
　510 U.S. 471 (1994) ...................................................................... 9

*Grimm v. City of Portland*,
　971 F.3d 1060 (9th Cir. 2020) ........................................................12

*Lawrence v. United States*,
　340 F.3d 952 (9th Cir. 2003) ..................................................10, 13

*Morris v. United States*,
　521 F.2d 872 (9th Cir. 1975) ........................................................... 2

*Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*,
    946 F.3d 1100 (9th Cir. 2020) ........................................................................... 1

*U.S. Home Corp. v. United States,*
    92 Fed. Cl. 401 (2010) .................................................................................14, 15

*United States v. Neustadt*,
    366 U.S. 696 (1961) .................................................................12, 14, 15, 16


Statutes

28 U.S.C. § 1291 ............................................................................................... 1

28 U.S.C. § 1346 ...........................................................................................1, 2, 6

28 U.S.C. § 2680 .........................................................................................2, 6, 9, 12

# STATEMENT OF JURISDICTION

Plaintiffs-Appellants invoked the district court's subject matter jurisdiction pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). Appellants' Excerpt of Record (ER) 025. The district court granted the government's motion to dismiss for lack of subject matter jurisdiction on January 17, 2023. ER-004–11. Plaintiffs timely filed a notice of appeal on February 6, 2023. ER-241. This Court has jurisdiction over the appeal under 28 U.S.C. § 1291.

# STATEMENT OF THE ISSUE

1.      Whether the district court correctly held that the FTCA's misrepresentation exception bars plaintiffs' claims concerning the Navy's alleged failure to warn of hazardous substances at a former naval station.[1]

---

[1] Plaintiffs also present arguments regarding the independent contractor exception and the discretionary function exception to the FTCA. *See* App. Br. 34–49. The district court did not rule on these issues. ER-010. As a general matter, "an appellate court does not decide issues that the trial court did not decide." *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1110 (9th Cir. 2020). Accordingly, should the Court find the need to look beyond the misrepresentation exception, it should remand to the district court for decision on the alternative grounds for dismissal.

## STATEMENT OF THE CASE

### A.    Statutory Background

The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, provides a limited waiver

of sovereign immunity and creates a cause of action for tort claims based on "the

negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment." *Id.* § 1346(b)(1).  Several

important exceptions limit that waiver, and when "a plaintiff's tort claim falls

within one of the exceptions, the district court lacks subject matter jurisdiction."

*Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975).  Pertinent here, the

FTCA's misrepresentation exception precludes any claim arising out of

misrepresentation or deceit.  28 U.S.C. § 2680(h).  A claim falls within the

misrepresentation exception if the conduct it challenges involves a "negligent or

intentional . . . communication of misinformation on which the recipient relies."

*Esquivel v. United States*, 21 F.4th 565, 577 (9th Cir. 2021) (quoting *Block v. Neal*,

460 U.S. 289, 296 (1983)).

### B.    Factual Background

In 1939, the Navy acquired the former Hunters Point Naval Shipyard

(HPNS) to support its World War II operations.  ER-026, ¶¶ 41–42.  In 1976, the

Navy began leasing portions of HPNS.  ER-027, ¶ 45.  Specifically, in 1996, the

City of San Francisco (City) leased "Building 606" and an adjacent lot for use by the San Francisco Police Department (SFPD).  ER-034–35, ¶ 82.

In their Second Amended Complaint, current and former employees of SFPD and their legal partners, spouses, survivors, and representatives allege that they were exposed "to unsafe levels of radioactive and otherwise hazardous substances" while working at the leased property.  ER-016, ¶ 1.  Plaintiffs allege that the 1996 lease agreement with the City "was accompanied by false statements from the Navy and [the Navy's contractor] Tetra Tech, under the Navy's negligent supervision, on which the City relied," including misrepresentations regarding the "history of HPNS" and the "type and quantity of hazardous substances released at" the leased property.  ER-035, ¶ 83.

The complaint claims that Section 120(h)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), required Appellee to make certain environmental disclosures prior to the execution of the 1996 lease agreement.  ER-035, ¶ 87.  Plaintiffs claim that in accordance with the CERCLA requirements, the Navy published a Basewide Environmental Baseline Survey (EBS) and a Finding of Suitability to Lease (FOSL).  ER-037–38, ¶¶ 96–99.  Plaintiffs allege that the EBS "included numerous material misrepresentations and failures to warn regarding the release of hazardous substances" and the FOSL explicitly relied on the representations made in the EBS and "contained no

3

additional information regarding the release of hazardous substances." ER-038–39, ¶¶ 101–02.  Plaintiffs claim that SFPD relied on the "direct and vicarious misrepresentations, failures to warn, and concealment" contained in the 1996 lease, EBS, and FOSL when stationing employees at Building 606.  ER-040, ¶ 108.

The complaint further alleges that from 2003 through 2014, the Navy engaged Tetra Tech "to investigate radiological contamination of soil and buildings, remediate and remove waste as necessary, and provide status reports to the Navy." ER-048, ¶ 125.  The complaint claims that during the performance of the remediation contracts, "the Navy and Tetra Tech, under the Navy's negligent supervision, continued to make false representations to the City and the SFPD regarding contamination, lack of contamination, health, and safety" and continued to "conceal the true extent of contamination at HPNS."  ER-048, ¶¶ 127–28. Specifically, the complaint claims that the City was reassured that the leased property "remained safe for the City's continued use during the remediation, and that the City's employees . . . were not being exposed to hazardous substances." ER-048–49, ¶ 129.  Plaintiffs allege that that "[t]he City, in reliance on the Navy's and Tetra Tech's representations regarding safety, continued to use and occupy . . . HPNS."  ER-049, ¶ 132.

Finally, Plaintiffs state that "under the Navy's negligent supervision, Tetra Tech misrepresented the source of soil samples submitted to the laboratory for

testing, manipulated data from radiological testing of buildings, and reported false results from the radiological soil and building tests." ER-049, ¶ 133. Plaintiffs state that the Navy "convey[ed] these misrepresentations to the City . . . despite knowing or having reason to know, at all relevant times, that they were false." *Id.* ¶ 134. The complaint alleges that the Navy had mandatory duties under the Federal Facilities Agreement and Construction Quality Control Program Manual to oversee Tetra Tech's remediation work. ER-054–55, ¶¶ 144, 148. Plaintiffs claim that the Navy failed to discharge its supervisory duties "and, consequently, failed to discover patent deficiencies in Tetra Tech's work." ER-054, 058–59, ¶¶ 147, 159–60, 163. Plaintiffs allege that, as result, they were exposed "to radiological and non-radiological contamination at HPNS." ER-060, ¶ 165.

Based upon these facts, the Second Amended Complaint asserts six causes of action: (1) negligent undertaking, negligent failure to warn, negligent supervision, negligence per se, and negligent misrepresentation; (2) public nuisance; (3) loss of consortium; (4) wrongful death; (5) negligent infliction of emotional dismiss; and (6) intentional infliction of emotional distress. ER-069–79.

## C. District Court Proceedings

The district court dismissed the First Amended Complaint without prejudice to permit clarification regarding the nature of the claims, including whether they were based on a direct or vicarious theory of liability. ER-083. In its order, the

district court cautioned that the misrepresentation exception to the FTCA appeared to bar a portion of the claims as plead. ER-084. Thus, the court directed that an "amended complaint should clearly identify those aspects of the government's conduct other than alleged misrepresentations that form the basis of plaintiffs' claims." *Id*.

The government subsequently moved to dismiss the Second Amended Complaint for lack of subject matter jurisdiction on the basis that the FTCA's misrepresentation exception deprived the court of jurisdiction because the challenged actions arose from the Navy's alleged misrepresentations. ER-006. The government also argued that the FTCA's independent contractor exception, 28 U.S.C. §§ 1346(b), 2671, and discretionary-function exception, 28 U.S.C. § 2680(a), barred some of Plaintiffs' claims. ER-005, 010.

The district court dismissed the Second Amended Complaint for lack of subject matter jurisdiction under the misrepresentation exception. ER-010–11. The court noted that the misrepresentation theme was "at the heart" of each of the claims asserted. ER-006–07. Specifically, because the Navy's alleged misrepresentations or omissions were the "substantial factor" causing the alleged injuries, the court found it lacked jurisdiction over all claims. ER-007. The court rejected Plaintiffs' argument that the exception should not apply because the false statements were made to the City and not directly to SFPD employees. ER-007.

6

The court explained that because the FTCA immunizes all claims arising out of misrepresentation, the exception applies to parties who were indirectly harmed by those statements. ER-008–09. In addition, the court rejected the argument that the Navy had mandatory CERCLA obligations that suspended or limited the misrepresentation exception. ER-009. The court stated that there was no controlling authority for such an argument, and the statutory language did not include any disclosure requirement that circumvented the misrepresentation exception. *Id.*

The district court ultimately dismissed the complaint with prejudice, noting that its "prior order not only flagged the misrepresentation exception issue . . . but also advised plaintiffs that they likely would not be given any further opportunities to amend." ER-010. Because the district court concluded that the claims were wholly barred by the misrepresentation exception, it did not consider the government's additional arguments regarding the independent contractor exception and the discretionary function exception. ER-010.

Appellants timely filed their notice of appeal. ER-241.

## SUMMARY OF THE ARGUMENT

The district court correctly concluded that Plaintiffs' claims fall within the scope of the FTCA's misrepresentation exception. Plaintiffs concede that their claim arises out of alleged misrepresentations by the Navy to the City and County

of San Francisco.  App. Br. 2.  As the district court emphasized, "misrepresentation is at the heart of all of the claims" in the complaint.  ER-007.  Accordingly, the only question before the Court is whether the misrepresentation exception requires direct reliance by the Plaintiffs on the statements at issue.  The district court correctly applied this court's precedent in holding that "the misrepresentation at the heart of the claim need not have been made directly to plaintiffs, and plaintiffs need not have directly relied, in order for the misrepresentation exception to apply and bar the claims."  ER-008.

The district court also correctly concluded that Section 120(h)(1) of CERCLA does not limit or suspend the application of the FTCA's misrepresentation exception.  Plaintiffs cite no case where a specific statutory duty superseded the exception.  Accordingly, the court should apply the plain language of the misrepresentation exception and bar Plaintiffs' claims.

## STANDARD OF REVIEW

This Court conducts a *de novo* review of a district court's determination that it lacks subject matter jurisdiction. *See DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019), cert. denied, 140 S. Ct. 439 (2019) (citation omitted).

# ARGUMENT

It is axiomatic that the United States cannot be sued without its consent, and the terms of the United States' consent defines a court's limited jurisdiction to entertain suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA's limited waiver of the United States sovereign immunity does not extend to "[a]ny claim arising out of . . . misrepresentation." 28 U.S.C. § 2680(h). Plaintiffs do not dispute that their claims arise out of the Navy's alleged misrepresentations HPNS to the City and County of San Francisco regarding the presence of hazardous substances at HPNS. *See, e.g.*, App. Br. 2 ("[I]t was Plaintiffs' employer that relied on the misrepresentation."); ER-016, ¶ 1 ("Defendant's failure to warn the City and County of San Francisco . . . about the hazardous substances used and released at HPNS was a substantial factor in causing the Plaintiff's acute symptoms and elevated risk of developing life-threatening cancers and other diseases.").

Here, the district court correctly held that subject matter jurisdiction was lacking. As the district court explained, misrepresentation was the basis of each of the claims asserted in the Second Amended Complaint. ER-007. As a result, the misrepresentation exception applies to all claims.

## I.   The District Court Correctly Held That the Misrepresentation Exception Has No Direct Reliance Requirement.

Plaintiffs argue that the misrepresentation exception does not bar their claims because they did not directly rely on any misrepresentations.  App. Br. 16. Plaintiffs rely on out-of-circuit cases to argue that, for the misrepresentation exception to apply, Plaintiffs themselves must have relied on the misrepresentation to their detriment.  App. Br. 17 (citing *Estate of Trentadue v. United States*, 397 F.3d 840, 854 (10th Cir. 2005) (collecting cases)). This argument is contrary to binding Ninth Circuit precedent and should be rejected.

As Plaintiffs acknowledge, App. Br. 21, this Circuit has repeatedly applied the misrepresentation exception to bar claims that did not involve reliance by plaintiffs on the misrepresentation at issue.  *Andrade v. United States*, 845 F. App'x 594 (9th Cir. 2021) (holding that Section 2680(h) barred claim arising from a federal health clinic's miscommunication to plaintiff's pharmacy); *Lawrence v. United States*, 340 F.3d 952, 957–58 (9th Cir. 2003) (holding that Section 2680(h) barred a claim arising from a misrepresentation to a hearing board); *Alexander v. United States*, 787 F.2d 1349, 1350–51 (9th Cir. 1986) (holding that Section 2680(h) barred a claim arising from negligent misrepresentation to plaintiff's employer).  However, Plaintiffs urge this Court to disregard those prior decisions because, in Plaintiffs' view, those cases did not directly address whether a plaintiff must personally rely on the misrepresentation for the exception to apply.

Plaintiffs' argument is incorrect. In *Andrade*, the plaintiff brought an FTCA claim for negligence after a federally funded health clinic incorrectly told CVS Pharmacy that Andrade was not a patient, leading to Andrade's arrest for a false prescription for opioids. 845 F. App'x at 595. Andrade subsequently brought a negligence claim under the FTCA, which the district court dismissed under the FTCA's misrepresentation exception. *Id.* The plaintiff made the same argument that the *Abbey* Plaintiffs make here – because the government did not make a representation directly to Ms. Andrade, the exception did not apply. *Id.* The Court rejected the plaintiff's attempt to "evade" the misrepresentation exception, noting that the Ninth Circuit had "already rejected this argument in *Alexander v. United States*, 787 F.2d 1349, 1350–51 (9th Cir. 1986)." *Id.*

In *Alexander*, plaintiff received a conditional offer of employment from Pacific Stock Exchange (PSE), after which PSE requested a background check of plaintiff from the FBI. 787 F.2d at 1350. The FBI informed PSE of two prior arrests, which the plaintiff claimed should not have been released because a California court had ordered them sealed. *Id.* Alexander filed suit against the United States, arguing that the government was negligent in failing to remove information from his record before communicating it to his employer. *Id.* The district court dismissed for lack of subject matter jurisdiction. *Id.* On appeal, this

Court upheld the dismissal, finding that the FTCA's misrepresentation exception barred Alexander's claim. *Id.*

Plaintiffs seek to distinguish these cases on the grounds that *Andrade* was a memorandum decision, and that *Alexander* did not expressly discuss the fact that the misrepresentation was made to a third-party rather than to plaintiff. App. Br. 22. Such contortions are unavailing. Contrary to Plaintiffs' assertion that *Alexander* "did not consider" the absence of reliance by the plaintiff, the decision makes clear that plaintiff's employer, rather than plaintiff himself, relied on the erroneous rap sheet. *See Alexander*, 787 F.2d at 1349. Relying on *United States v. Neustadt*, 366 U.S. 696 (1961), the *Alexander* court went on to note the "broad reach" of the misrepresentation exception and held that Alexander's claim – based upon allegedly false information submitted to and relied upon by his employer – "fits squarely into the category of negligent misrepresentation and is barred by 28 U.S.C. § 2680(h)." *Id*.

While *Andrade* is a memorandum decision, such decisions "may prove useful, as examples of the applications of settled legal principles." *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020). Memorandum opinions provide "no new legal holdings, just applications of established law to facts." *Id*. Indeed, *Andrade's* holding was not new, but the application of settled legal principle

espoused in *Lawrence* and *Alexander* that the misrepresentation exception does not require reliance by the plaintiff.

In contrast, Plaintiffs do not identify a single Ninth Circuit case that supports their view of the limitations on the misrepresentation exception. Instead, Plaintiffs urge this court to look to out-of-circuit cases. *See* App. Br. 17–20. But even these cases acknowledge that the Ninth Circuit's application of the misrepresentation exception does not require direct reliance by the plaintiff. *See* App. Br. 18 (citing *Carter v. United States*, 725 F. Supp. 2d 346 (E.D.N.Y. 2010) (noting that "[o]ther circuit courts have reached discordant answers. In *Lawrence v. United States*, 340 F.3d 952 (9th Cir. 2003) . . . [t]he Ninth Circuit concluded . . . that the misrepresentation exception barred the claim," which was based on federal officials' "negligent misrepresentation of the assailant's character to the hiring agency.")).

Plaintiffs ask this Court to ignore its prior rulings and hold that the misrepresentation exception to the FTCA is limited only to circumstances in which the plaintiff directly relies on the alleged misrepresentation. As the district court noted, "Nothing in this language nor common sense supports the view that the government is immunized when sued directly by the party to which it makes a misrepresentation, but not when it is sued by downstream third parties who allege

they were indirectly harmed by the alleged misrepresentation." ER-009. The decision of the district court should be affirmed.

## II. The District Court Correctly Held That CERCLA Does Not Suspend the Misrepresentation Exception.

Plaintiffs argue that Section 120(h)(1) of CERCLA imposes a specific and mandatory duty of disclosure on the Navy and, thus, limits or suspends application of the misrepresentation exception. App. Br. 23–24. Plaintiffs, however, cite no case where a specific statutory duty superseded the exception. *See id.* at 29–33.

Instead, Plaintiffs' base their argument on a misapplication of *United States v. Neustadt*, which held that a statutory duty to collect and provide information does not limit or suspend Section 2680(h). 366 U.S. at 706–09. In *Neustadt,* homeowners sought damages arising from their reliance on a negligent home inspection and appraisal. *Id.* at 700. The Federal Housing Agency (FHA) prepared the appraisal pursuant to a statutory provision that required the submission of an appraisal to the mortgage lender and required the seller to provide the FHA appraisal to the homebuyer. *See id.* 697–99. The Supreme Court found that the provision did not create a specific duty that prevented application of the misrepresentation exception because the provision was not intended to create "a warranty of value, or [to] otherwise extend to the [plaintiffs] any actionable right of redress against the Government in the event of a faulty appraisal." *Id.* at 709. Moreover, the Court explicitly recognized that many federal statutes mandate an

agency to provide information that could constitute a "specific duty," but this does not justify suspending application of the misrepresentation exception in tort cases involving those statutes. *Id*. at 710–11; *see also Alexander*, 787 F.2d at 1350–51 (citing *Neustadt*, 366 U.S. at 706–07) (finding that such a claim "fits squarely into the category of 'negligent misrepresentation'").

Like the provision at issue in *Neustadt,* CERCLA § 120(h)(1) was not intended to create a warranty or any other actionable right of redress against the government. In *U.S. Home Corp. v. United States,* 92 Fed. Cl. 401, 404 (2010), property developers who owned former Army property sought damages from the United States arising from alleged misinformation in the transfer documents. The gravamen of that claim, as in the present case, was that the United States failed to properly investigate and provide notice of contamination under CERCLA § 120(h)(1). *Id.* at 405. The U.S. Court of Federal Claims found that it lacked jurisdiction over the claim because Section 120(h)(1) had no "language referencing a private cause of action, the payment of money by the United States or entitlement to compensation of any kind." *Id.* at 411. Here, because Congress did not intend for Section 120(h)(1) to create an actionable specific duty, under *Neustadt,* the provision does not limit application of the misrepresentation exception.

Furthermore, as the district court noted, CERCLA § 120(h)(1) was enacted after the FTCA and "it could reasonably be supposed that Congress 'was aware of

the misrepresentation exception in the Tort Claims Act, and that it had been construed by the courts to include negligent misrepresentation.'" ER-009 (quoting *Neustadt*, 366 U.S. at 710). CERCLA lacks any express statutory language indicting Section 120(h)(1) was intended to limit the application of the FTCA's misrepresentation exception. As the Supreme Court held in *Neustadt*, "While we do not condone carelessness by government employees in gathering and promulgating . . . information, neither can we justifiably ignore the plain words Congress has used in limiting the scope of the Government's tort liability." 366 U.S. at 702, 710–11. The Court should reject Plaintiffs' request to ignore this plain language and insert a limitation to the FTCA's misrepresentation exception into CERCLA. This Court should reject Plaintiffs' argument and affirm the judgment below.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court affirm the foregoing judgement of the district court.

January 16, 2024
Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General, Civil Division

J. PATRICK GLYNN
Director

*/s/ Caroline W. Stanton*
CAROLINE W. STANTON
DC Bar # 1010918
HEIDY GONZALEZ
ROSEMARY YOGIAVEETIL
ALEX HAYWOOD
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation
1100 L St., NW
Washington, DC 20005
Phone: 202-307-0554
E-mail: caroline.w.stanton@usdoj.gov

*Attorneys for the United States of America*

## STATEMENT OF RELATED CASES

The government is not aware of any related cases within the meaning of Ninth Circuit Rule 28-2.6.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit Electronic Case Filing (ECF) system of this Court.  The ECF system will send a "Notice of Electronic Filing" to the attorneys of record.

 */s/ Caroline W. Stanton*
Caroline W. Stanton